UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

PHOENIX ENVIRONMENTAL, LLC,

    Debtor.                                                                  No. 11-11-15031 SA

PHOENIX ENVIRONMENTAL, LLC,

    Plaintiff,
v.                                                                        Adv. No. 12-1007 S

XERIC OIL AND GAS, INC.,
BAKER MO SERVICES, INC.,
and DAN JOHNSON and COLLEEN JOHNSON,
dba DC Energy,

    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF ORDER
ABSTAINING FROM HEARING ADVERSARY PROCEEDING
AND REMANDING ADVERSARY PROCEEDING TO STATE COURT**[1]

Debtor in possession Phoenix Environmental, LLC ("Debtor") has moved to have this Court abstain from adjudicating this

---

[1] Although this adversary proceeding has been transferred to the Honorable Robert H. Jacobvitz, Order Transferring Adversary Proceeding (doc 28), the undersigned judge continues in service on recall duty with authority to enter orders in cases and adversary proceedings. The Court is adjudicating this dispute because it was a pending matter on this judge's docket at the time that his fourteen-year term expired, and judicial economy suggested that the matter could more expeditiously be resolved by this judge rather than the newly assigned judge who is not familiar with the background of the adversary proceeding or the chapter 11 case. Following the entry of this judgment, this judge will presumably cease any further activity in this adversary proceeding or in the underlying chapter 11 case, In re Phoenix Environmental, LLC, case no. 11-15031.

adversary proceeding ("Motion"). Doc 13. For the reasons set out below, the Court grants the Motion.[2]

**Background**

On or about September 14, 2009, Phoenix Environmental, LLC filed a Verified Complaint for Debt and Money Due and to Foreclose Oil and Gas Liens in the Fifth Judicial District, Lea County, New Mexico ("State Lawsuit"). The named defendants were Xeric Oil and Gas, Inc. (which incurred the debts and was the owner of the oil and gas leases at the time the purported liens attached), Baker Mo Services, Inc., also a lien claimant on some of the properties[3], and Dan and Colleen Johnson dba DC Energy, whom had purchased the leases from Xeric prior to the filing of the State Lawsuit. Debtor filed its voluntary chapter 11 petition on November 20, 2011 (main case, doc 1). Defendants Dan Johnson and Colleen Johnson ("Defendants") removed the State Lawsuit to this Court by filing their Notice of Removal on January 19, 2012. Debtor moved to remand on the basis of both mandatory and discretionary abstention. Doc 13. Defendants responded in opposition, doc 15, Debtor replied, doc 17, to which

---

[2] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[3] Baker Mo has withdrawn any claims in this action, doc 8, and therefore will not be considered further.

Defendants sur-replied. Doc 21. The parties have not asked for an evidentiary hearing, and so the Court has decided this matter on the papers submitted.[4]

**Analysis**

Debtor argues for both permissive abstention under 28 U.S.C. §1334(c)(1) and mandatory abstention under 28 U.S.C. §1334(c)(2). That latter section provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The adversary proceeding initiating this removal action was timely filed, F.R.B.P. 9027(a)(2), and following an initial pretrial conference held on February 6, 2012 (minutes – doc 6) and the entry of the order arising out the initial pretrial conference on March 7 (doc 12), Debtor promptly filed the Motion on March 12. The causes of action in the complaint and in the proposed counterclaim and cross-claim – collection of a debt, foreclosure of purported liens, deceptive trade practices,

---

[4] See, for example, Hurley v. Kujawa (In re Kujawa), 224 B.R. 104, 107-08 (E.D. Mo. 1998), citing In re Mozzocone, 200 B.R. 568, 575-75 (E.D. Penn. 1996) (extent of evidentiary hearing within discretion of trial court). In this instance, the Court had the benefit of the state court filings and extensive factual presentations and argument from the parties on paper.

slander of title and quiet title (doc 1-5, at 7-9) – are all eminently state law causes of action that at best are related to matters and not core.  While they are related to the chapter 11 case, in that the resolution of the dispute might provide substantial funds to (or generate additional obligations for) the estate, they are not core proceedings because the causes of action do not arise under or in the chapter 11 case.  See generally Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764 (10th Cir. BAP 1997).

 It is true that adjudicating the competing claims will presumably liquidate the claims of the parties against each other, thereby affecting the administration of the estate, resulting in the allowance or disallowance of claims by and against the estate, determining the validity, extent and priority of liens, and otherwise adjusting the debtor-creditor relationship.  See 28 U.S.C. §155(b)(2).  But it is not sufficient to argue the removed action must stay in the bankruptcy court because there might be core matters to be decided.  Delphi Automotive Systems, LLC v. Segway, Inc., 519 F.Supp.2nd 662, 671 (E.D. Mich. 2007)("The state law claims asserted in Plaintiff's complaint predominate over any bankruptcy issue that may arise due to Plaintiff's chapter 11 proceeding."); Schmidt v. Klein Bank (In re Schmidt), 453 B.R. 346 (8th Cir. BAP 2011)  (pending state court causes of action were not core

proceedings notwithstanding that it was possible to place them within one or more types of "core" proceedings identified in §157(b)(2)). In any event, nothing in §1334(c)(2) allows for such an exception; that is, if the requirements of §1334(c)(2) are met, the Court must abstain, even if what is at issue appears to include core matters.

This action could not have been commenced in the United States District Court absent the bankruptcy filing since there is a lack of diversity: both entities are New Mexico limited liability companies.

There is some confusion about the status of the defendants. <u>See</u> Motion for Remand, at 2: "... Dan Johnson and Colleen Johnson d/b/a DC Energy LLC, a New Mexico limited liability company ....", doc 13; and also signature line for Johnsons'/DC Energy's counsel in Answer to Verified Complaint at 3: "Attorney for Dan and Colleen Johnson, DBA DC Energy, aka DC Energy, LLC". Doc 1-4. All parties seem to have treated DC Energy in this action as if it were a sole proprietorship of the Johnsons.[5] <u>See, e.g.</u>, Notice of Removal (doc 1). It also appears that the Johnsons control DC Energy but that the Johnsons themselves are Georgia citizens. <u>Compare</u> Verified Complaint, ¶4 (Johnsons d/b/a DC

---

[5] Curiously the parties do not address the issue directly in this court, nor do they make clear who exactly is the formal owner of the liened properties. The issue is probably of little moment in the state district court; the statute makes it quite important in this Court.

Energy of Dallas, Georgia) (doc 1-2) <u>with</u> Answer to Verified Complaint, ¶2 ("This Defendant [sic] denies the allegations of Paragraph Four and affirmatively states that DC Energy, LLC is a New Mexico Limited Liability Company.") (doc 1-4). So while it is true that the Johnsons are probably not New Mexico citizens, in fact, "DC Energy" apparently is "DC Energy, LLC" – Answer to Verified Complaint, ¶2 (doc 1-4) – so that DC Energy is legally a separate entity from the Johnsons.

Thus, the alignment of the parties is a New Mexico limited liability company as plaintiff and a New Mexico limited liability company and two Georgia residents as defendants. Whether the liened properties are owned by the Johnsons individually or, as more likely appears, DC Energy, LLC, the fact is that federal diversity jurisdiction requires complete diversity of the parties. 28 U.S.C. § 1332(a); <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008)("[T]he citizenship of all defendants must be different from the citizenship of all plaintiffs."); <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)(Same.) <u>See also</u> 13E Wright, Miller, Cooper, Freer, Steinman, Struve and Amar, Federal Practice & Procedure § 3605 (3d ed.). Obviously that does not exist here and so there is no federal jurisdiction outside the bankruptcy filing.

Finally, as the record of the proceedings in the State Lawsuit filed by Defendants makes clear, the action was commenced

Page 6 of 8

Case 12-01007-j   Doc 29   Filed 08/22/12   Entered 08/22/12 10:50:49 Page 6 of 8

September 14, 2009, more than two years before the filing of the chapter 11 petition. The State Court Judge, the Honorable William G. W. Shoobridge, has presided over the case during the entire time, including presiding over some discovery and even apparently having set a bench trial on the merits for May 2, 2011. See State Lawsuit docket (doc 1-9, at 3 of 14) (April 27, 2011 docket entry showing vacation of trial setting). It is apparent that the State Court can try this matter in a timely fashion.[6]

**Conclusion**

For the reasons stated, it is clear that this Court must abstain from adjudicating this state court action and it must be remanded to the State Court Judge for further proceedings. An order will enter. The order will provide among other things that the hearing currently scheduled before the Honorable Robert H. Jacobvitz for Monday, August 27, 2012 at 10.00 am (Mountain Time) is cancelled.

*/s/ James S. Starzynski*
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: August 22, 2012

---

[6] Given the foregoing analysis, the Court need not consider whether discretionary abstention under 28 U.S.C. §1334(c)(1) is applicable. The Court also need not address the parties' arguments in connection with Stern v. Marshall, ___ U.S. ___, 131 S. Ct. 2594 (2011), since the Bankruptcy Court will not be adjudicating the matter.

Copies to:

Louis Puccini, Jr
Puccini Law, P.A.
PO Box 50700
Albuquerque, NM 87181-0700

Casey S Stevenson
Scotthulse, PC
201 E. Main Drive
El Paso, TX 79901

Robert R Feuille
PO Box 99123
El Paso, TX 79999-9123