```
                    UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF NEW MEXICO
```

In re:

PHOENIX ENVIRONMENTAL, LLC,

    Debtor.                                     No. 11-11-15031 SA

PHOENIX ENVIRONMENTAL, LLC,

    Plaintiff,
v.                                                  Adv. No. 12-1007 S

XERIC OIL AND GAS, INC.,
BAKER MO SERVICES, INC.,
and DAN JOHNSON and COLLEEN JOHNSON,
dba DC Energy,

    Defendants.

### REPLACEMENT[1] MEMORANDUM OPINION IN SUPPORT OF ORDER ABSTAINING FROM HEARING ADVERSARY PROCEEDING AND REMANDING ADVERSARY PROCEEDING TO STATE COURT

    Debtor in possession Phoenix Environmental, LLC ("Debtor") moved this Court to abstain from adjudicating this adversary

---

[1] This memorandum opinion replaces the memorandum opinions entered on August 22, 2012 (doc 29)(2012 WL 3637915) and September 27, 2012 (doc 34)(2012 WL 4482140). Following the issuance of the memorandum opinions and the related mandatory abstention order (doc 30), Defendants filed Defendants Dan and Collen [sic] Johnson d/b/a DC Energy's [sic] Motion for Reconsideration of Order Abstaining from Hearing Adversary Proceeding and Remanding Adversary Proceeding to State Court (doc 33) ("Reconsideration Motion"), citing Rule 9023 F.R.B.P (incorporating Rule 59 F.R.Civ.P.). Id. at 3. Rule 59 relief should be granted to correct clear error. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995). The Court clearly erred in ruling that DC Energy, LLC was a New Mexico citizen for purposes of federal diversity jurisdiction, 28 U.S.C. §1332(a)(1) (see below). Therefore, granting the Reconsideration Motion, the Court has withdrawn and set aside the memorandum opinions and abstention order respectively. Docs 37 and 38.

proceeding ("Abstention Motion").  Doc 13.  For the reasons set out below, the Court grants the Abstention Motion.[2]

**Background**

On or about September 14, 2009, Phoenix Environmental, LLC filed a Verified Complaint for Debt and Money Due and to Foreclose Oil and Gas Liens in the Fifth Judicial District, Lea County, New Mexico ("State Court Action").  The named defendants were Xeric Oil and Gas, Inc. (which incurred the debts and was the owner of the oil and gas leases at the time the purported liens attached), Baker Mo Services, Inc., also a lien claimant on some of the properties[3], and Dan and Colleen Johnson dba DC Energy, who had purchased the leases from Xeric prior to the

---

[2]  The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[3] Baker Mo (perhaps a/k/a Baker/Mo Services, Inc. – see doc 15-1, at 22 of 24) has withdrawn any claims in this action, doc 8, and therefore will not be considered further.  According to Debtor, doc 13 at 2, and not disputed by Defendants Dan and Colleen Johnson, after the State Court Action was filed, Xeric Oil and Gas, Inc. filed a chapter 11 petition in Texas which was converted to a chapter 7 petition.  According to PACER, the voluntary chapter 11 petition was filed February 9, 2010, in the United States Bankruptcy Court of the Western District of Texas (Midland Division), No. 10-70051-rbk.  The case was converted to a chapter 7 case on November 4, 2010.  It remains open. (Whether the removal of the State Court Action to this Court constituted a violation of the stay or not, the remand of this action to the State District Court restores the status quo prior to the removal.)  Thus, although the styles of the State Court Action and of the adversary proceeding have not been altered, Xeric also is no longer a party and no relief is sought against it.

filing of the State Court Action.  Debtor filed its voluntary chapter 11 petition on November 20, 2011 (main case, doc 1). Defendants Dan Johnson and Colleen Johnson ("Defendants") removed the State Court Action to this Court by filing their Notice of Removal on January 19, 2012.  Doc 1.  Debtor moved to remand on the basis of both mandatory and discretionary abstention.  Doc 13.  Defendants responded in opposition, doc 15, Debtor replied, doc 17, to which Defendants sur-replied.  Doc 21.  The parties have not asked for an evidentiary hearing, and so the Court has decided this matter on the papers submitted.[4]

**Analysis**

Debtor argues for both permissive abstention under 28 U.S.C. §1334(c)(1) and mandatory abstention under 28 U.S.C. §1334(c)(2).  That latter section provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

[4] See, for example, Hurley v. Kujawa (In re Kujawa), 224 B.R. 104, 107-08 (E.D. Mo. 1998), citing In re Mozzocone, 200 B.R. 568, 575-75 (E.D. Penn. 1996) (extent of evidentiary hearing within discretion of trial court).  In this instance, the Court has had the benefit of the state court filings and extensive factual presentations and argument from the parties on paper.

The adversary proceeding initiating this removal action was timely filed, F.R.B.P. 9027(a)(2), and following an initial pretrial conference held on February 6, 2012 (minutes – doc 6) and the entry of the order arising out the initial pretrial conference on March 7 (doc 12), Debtor promptly filed the Abstention Motion on March 12. The causes of action in the complaint and in the proposed counterclaim and cross-claim – collection of a debt, foreclosure of purported liens, deceptive trade practices, slander of title and quiet title (doc 1-5, at 7-9) – are all eminently state law causes of action that are related matters and not core. While they are related to the chapter 11 case, in that the resolution of the dispute might provide substantial funds to (or generate additional obligations for) the estate, they are not core proceedings because the causes of action do not arise under or in the chapter 11 case. 28 U.S.C. §157(b); Stern v. Marshall, ___ U.S. ___, 131 S. Ct. 2594, 2603-05 (2011); see generally Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764 (10th Cir. BAP 1997).[5]

---

[5] In their Reconsideration Motion, Defendants argue that the Court's jurisdictional statement in footnote 2 above seems to constitute a conclusion that this adversary proceeding is core. Id. at 9. That characterization is incorrect. What the Court considers as "core" in this proceeding is only the process of deciding whether the causes of action in the removed proceeding are core. That is, deciding whether to abstain is part of the Court's obligation to administer the estate, and thus the citation to 28 U.S.C. §157(b)(2)(A). This function is similar to the Court's obligation (and jurisdiction) to say what its
(continued...)

It is true that adjudicating the competing claims will presumably liquidate the claims of the parties against each other, thereby affecting the administration of the estate, resulting in the allowance or disallowance of claims by and against the estate, determining the validity, extent and priority of liens, and otherwise adjusting the debtor-creditor relationship.  See 28 U.S.C. §157(b)(2).  But it is not sufficient to argue the removed action must stay in the bankruptcy court because there might be core matters to be decided.  Schmidt v. Klein Bank (In re Schmidt), 453 B.R. 346 (8th Cir. BAP 2011) (pending state court causes of action were not core proceedings notwithstanding that it was possible to place them within one or more types of "core" proceedings identified in §157(b)(2)); see also Delphi Automotive Systems, LLC v. Segway, Inc., 519 F.Supp.2d 662, 671 (E.D. Mich. 2007) ("The state law claims asserted in Plaintiff's complaint predominate over any bankruptcy issue that may arise due to Plaintiff's chapter 11 proceeding.") .  In any event, nothing in §1334(c)(2) allows for such an exception; that is, if the

---

[5](...continued)
jurisdiction is.  E.g., Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376-77 (1940).  See also 1 Collier on Bankruptcy ¶3.02[6][a] (Alan N. Resnick and Henry J. Sommer eds., 16th ed.):
> It is universally accepted that federal courts have the power to determine their own jurisdiction.  That is true, also, of bankruptcy courts.  That is the gist of section 157(b)(3).

Page 5 of  18

Case 12-01007-j    Doc 40    Filed 10/03/12    Entered 10/03/12 16:20:18 Page 5 of 18

requirements of §1334(c)(2) are met, the Court must abstain, even if what is at issue appears to include core matters.

However, what makes §1334(c)(2) inapplicable is that this action could have been commenced in the United States District Court absent the bankruptcy filing. That is, the requirements for federal jurisdiction pursuant to a jurisdictional provision other than 28 U.S.C. §1334 – specifically 28 U.S.C. §1332(a)[6] – have been met. First, the amount in issue is approximately $152,000 plus interest allegedly accruing at the rate of 15% per annum from November 2008, easily exceeding the $75,000 jurisdictional minimum. Second, the requisite diversity of citizenship exists. The Johnsons themselves are Georgia citizens. DC Energy, LLC is a New Mexico limited liability company.[7] Compare Verified Complaint, ¶4 (Johnsons d/b/a DC Energy of Dallas, Georgia) (doc 1-2) with Answer to Verified Complaint, ¶2 ("This Defendant [sic] denies the allegations of

---

[6] That statute provides in relevant part as follows: Diversity of citizenship; amount in controversy; costs. (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States....

[7] As the Court noted in its withdrawn opinions, the parties, particularly movant Defendants, failed to address the issue of the diversity of the parties directly in this Court. That lacuna has been addressed in the Reconsideration Motion, which clarifies that the Johnsons are the members who make up the limited liability company DC Energy, LLC, but who are also the owners of the oil and gas leases at issue.

Page 6 of 18

Case 12-01007-j    Doc 40    Filed 10/03/12    Entered 10/03/12 16:20:18 Page 6 of 18

Paragraph Four and affirmatively states that DC Energy, LLC is a New Mexico Limited Liability Company.") (doc 1-4). But as Defendants have usefully pointed out to the Court, the citizenship of a limited liability company is determined by the citizenship of its members. E.g., THI of New Mexico at Las Cruces, LLC v. Fox, 727 F.Supp.2d 1195, 1211 n. 6 (D.N.M. 2010):

> THI of Las Cruces is a limited liability company whose sole member, THI of Baltimore, Inc., is a citizen of Delaware and Maryland, see Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48 (2d Cir. 2000); Gen. Tech. Applications, Inc. v. Exro Ltda., 388 F.3d 114 (4th Cir. 2004); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731 (6th Cir. 2002); Wise v. Wachovia Securities, LLC, 450 F.3d 265 (7th Cir. 2006); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). S. Fox is a New Mexico citizen and Zis [sic – should be Zia] Trust, Inc. is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico. See Complaint to Compel Arbitration ¶¶ 2-3, at 1; Defendants' Answer ¶¶ 2-3, at 1. The underlying matter which THI of Las Cruces seeks to arbitrate involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs. See Woodmen of World of Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1217 (10th Cir. 2003)("[T]he requisite jurisdictional amount will be satisfied in a suit to compel arbitration unless it is legally certain that the stakes of the arbitration are $75,000 or less.").

Thus, the alignment of the parties is a New Mexico limited liability company whose members (Everett Allen Hodge and Jana

Hodge) are New Mexico citizens as plaintiff and as defendants two Georgia citizens and a New Mexico limited liability company treated as a Georgia citizen. Whether the liened properties are owned by the Johnsons individually, or perhaps by DC Energy, LLC, the fact is that for purposes of federal diversity jurisdiction, the requisite complete diversity of the parties exists. 28 U.S.C. §1332(a); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)("[T]he citizenship of all defendants must be different from the citizenship of all plaintiffs."); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)(Same.) See also 13E Wright, Miller, Cooper, Freer, Steinman, Struve and Amar, Federal Practice & Procedure § 3605 (3d ed.). In consequence, the Court must deny the request for mandatory abstention.

The lists of the factors for discretionary abstention pursuant to 28 U.S.C. §1334(c)(1) are set out in Tsinigi v. Oakwood Acceptance Corp. (In re Oakwoood Acceptance Corp.), 308 B.R. 81 (Bankr. D.N.M. 2004):

> Even assuming arguendo that this Court has core jurisdiction to determine whether the mobile home is property of the estate, the Court may remand the case under the discretionary remand provision, which allows a court to remand a proceeding on "any equitable ground." 28 U.S.C. § 1452(b). The standards used to determine whether equitable remand is warranted under § 1452(b) are virtually identical to those used to determine whether discretionary abstention is merited under § 1334(c)(1). See Frelin [v. Oakwood Homes Corp.], 292 B.R. [369] at 383-84 [(Bankr. E.D. Ark. 2003)] (outlining factors for equitable remand and discretionary abstention), citing Williams v. Motel 6 Multipurpose, Inc., 120 F.Supp.2d 776, 781 (E.D.Ark.

1998) and Arkansas Dept. of Human Services Div'n of
Medical Services v. Black & White Cab Co., Inc. (In re
Black & White Cab Co., Inc.), 202 B.R. 977 (Bankr.
E.D.Ark. 1996). The factors to consider in
discretionary abstention are:
1. the effect of remand on the efficient administration
of the estate;
2. the extent to which state law issues predominate
over bankruptcy issues;
3. the difficult or unsettled nature of the applicable
law;
4. the presence of a related proceeding commenced in
state court or other non-bankruptcy court;
5. the jurisdictional basis, if any, other than 28
U.S.C. § 1334;
6. the degree of relatedness of the proceeding to the
bankruptcy case;
7. the substance rather than the form of an asserted
"core" proceeding;
8. the feasibility of severing state law claims from
core bankruptcy matters;
9. the burden on the bankruptcy court's docket;
10. the likelihood that the proceeding involves forum
shopping;
11. the existence of a right to jury trial; and
12. the presence of non-debtor parties.
Frelin, 292 B.R. at 383.
In addition to the factors outlined above, the
Court should consider these factors in considering a
motion to remand under § 1452(b):
1. whether remand serves principles of judicial
economy;
2. whether there is prejudice to parties not removed;
3. whether the remand lessens the possibilities of
inconsistent results; and
4. whether the court where the action originated has
greater expertise.
Id. at 384.

Id. at 86-88. The Court will address each factor.

1. The effect of remand on the efficient administration of the estate:

   The heart of this chapter 11 case has been the continuing

and intense dispute between Debtor and IBEX f/k/a Phoenix Energy

Page 9 of 18

Services, LLC. A cursory review of the docket in the main case shows that most of the Court's considerable time devoted to this case has been consumed by what those two parties claim is a life-or-death struggle for each of them. And that has been the case even though this Court abstained from and remanded the state court litigation between those two parties that had prompted the chapter 11 filing in November 2011. See In re Phoenix Environmental, LLC, 2012 WL 279446 (Bankr. D.N.M. 2012) (Adv. Pro. 11-1199, docs 17 and 18)[8]. Now, however, it appears that Debtor and IBEX (and all other related parties) are seriously threatening to settle their differences. See Motion to Approve Settlement Agreement Between Phoenix Environmental and Other Parties (main case doc 264) ("Settlement Motion"). Indeed, the Settlement Motion is of such serious moment that Debtor and IBEX have put off fighting over the fees of Debtor's counsel. Stipulated Order Continuing Hearing on IBEX's Objection to Compensation Applications. Doc 271. A hearing on the Settlement Motion is scheduled for October 11, 2012. Id. Should the settlement be approved (and it would be surprising were there any objection to the settlement, much less one that would be sustained), there will be far fewer matters in this case to

---

[8] The remand order has been appealed to the United States District Court and at this time, pursuant to the request of the parties, remains undecided. See Motion to Approve Settlement Agreement Between Phoenix Environmental and Other Parties (main case doc 264), at 2-3.

adjudicate in the Bankruptcy Court. In consequence, the retention and adjudication of this adversary proceeding would unduly prolong in the Bankruptcy Court the proceedings concerning this Debtor.

Even if the main case is not settled, what this adversary proceeding represents is essentially a collection action by Debtor; that is, a related proceeding and thus not core. The Bankruptcy Court need not hear it. It is true that a successful outcome for Debtor will presumably result in more assets for distribution to creditors; an unsuccessful outcome may result in additional claims against the estate (if the counterclaims against the estate are allowed). But that only affects the distribution to creditors and has little to do with the administration of the estate.

2. The extent to which state law issues predominate over bankruptcy issues:

As already noted, the matters in dispute are all state law causes of action.

3. The difficult or unsettled nature of the applicable law.

As framed by the parties, and particularly by Defendants who claim that it is obvious from the statute that the estate can have no cause of action based on the relevant state statutes, it appears that there are no difficult or unsettled questions of state law.

4.  The presence of a related proceeding commenced in state court or other non-bankruptcy court:

    This litigation originated in the state court and can easily be returned there. But more to the point, there is no other related proceeding in any other court that would be adversely affected by this Court retaining this adversary proceeding.

5.  The jurisdictional basis, if any, other than 28 U.S.C. § 1334:

    As noted, the State Court Action could have been commenced directly in the United States District Court pursuant to 28 U.S.C. §1332(a)(1).

6.  The degree of relatedness of the proceeding to the bankruptcy case:

    Also as noted, this collection action is a related proceeding, and not core.

7.  The substance rather than the form of an asserted "core" proceeding:

    As noted, despite Defendants' claims that this litigation is comprised of a variety of core matters, it is not. <u>In re Schmidt</u>.

8.  The feasibility of severing state law claims from core bankruptcy matters:

    Given that the matters being litigated are all state law claims and none are core, there is no issue of feasibility.

9.  The burden on the bankruptcy court's docket:

    The Honorable Robert H. Jacobvitz, the bankruptcy judge who would administer and adjudicate this adversary proceeding should

it remain in the Bankruptcy Court, continues to maintain a very substantial workload, overseeing a number of complex and time-consuming cases and writing many detailed and thorough opinions. Although he is somewhat familiar with oil and gas law already, see, e.g., In re Platinum Oil Properties, LLC, No. 09-10832-j11 (United States Bankruptcy Court, District of New Mexico), adjudicating this adversary proceeding might well require him to become familiar with substantially more New Mexico oil and gas law. No doubt he is more than capable of doing so, and of rendering eminently enlightening and reasoned decisions thereon. But the issue is, at what cost? And given the current heavy chapter 11 caseload in this district and on Judge Jacobvitz in particular (contrary to what appears to be the case in most of the rest of the country), adding to his caseload with this adversary proceeding would be a hindrance to the completion of his other work.

10. The likelihood that the proceeding involves forum shopping:

Of course there has been "forum shopping" by Defendants' counsel.[9] Any lawyer who is competent should consider whether

---

[9] Like the term "fishing expedition" used in the context of discovery disputes, the term "forum shopping" is more of a conclusion than a description. By definition virtually every discovery request is a "fishing expedition", since the party seeking the discovery is attempting to find something useful. But when a court uses the term, what the court really means is that it has decided that the search has exceeded reasonable bounds. Similarly, when a court describes certain activity as
(continued...)

litigating in another forum will benefit the client, and if the benefit is assessed to be substantial enough, should move to change the forum. Thus whether this matter started in another forum and is now here is basically irrelevant.

11. The existence of a right to jury trial:

No party has demanded a jury trial, although if Defendants are permitted to amend their pleadings, the parties will be entitled to make such a demand, as provided in NMRA 1-038:

> Jury trial in civil actions.
> A. Jury demand. In civil actions any party may demand a trial by jury of any issue triable of right by serving upon the other parties a demand therefor in writing after the commencement of the action and not later than ten (10) days after service of the last pleading directed to such issue, and filing the demand as required by Paragraph D of Rule 1-005 NMRA.

State courts routinely conduct jury trials in matters where they are permitted. A jury trial can be more easily accommodated in a state court trial than in the Bankruptcy Court. For a jury trial to take place in Bankruptcy Court (either by a bankruptcy judge or by a United States district judge sitting as a bankruptcy judge), at least one of the parties must so elect timely, Rule 9015 F.R.B.P., and then either the parties must all consent to the jury trial being conducted by the bankruptcy judge or the bankruptcy judge acts as a magistrate judge to prepare the

---

[9](...continued)
"forum shopping", the court is in effect announcing a conclusion that for whatever reason it disapproves of the "shopper's" attempt to change the forum.

case for trial and then transfers the case, pursuant to a withdrawal of the reference, to the district court for trial. Id.; NMLBR 9015-1 (2010); 28 U.S.C. §157(b). Thus the procedure for a jury trial in the bankruptcy court is more complicated.

But there is a more fundamental question: putting aside any issues that might arise from Stern v. Marshall, why would the parties want a jury trial conducted by a bankruptcy judge who likely has never conducted such a trial before?[10] While it is true that there are sitting bankruptcy judges who previously served as state court judges and in that former capacity conducted jury trials, it is also the case that none of the sitting bankruptcy judges in this district have conducted a jury trial.

12. The presence of non-debtor parties.

There are no other parties left in this litigation.

13. Whether remand serves principles of judicial economy:

Should this adversary proceeding remain with this Court, it will have to be tried virtually from the beginning. On the other hand, as the record of the proceedings in the State Court Action filed by Defendants makes clear, the action was commenced September 14, 2009, more than two years before the filing of the

---

[10] This is not to say that the bankruptcy judge previously as an attorney has not tried a case to a jury, as indeed this judge has done. But trying a case to a jury and presiding over a jury trial appear to be two very different tasks.

chapter 11 petition. The State Court Judge, the Honorable William G. W. Shoobridge, has presided over the case during the entire time, including presiding over some discovery and even apparently having set a bench trial on the merits for May 2, 2011. See State Court Action docket (doc 1-9, at 3 of 14) (April 27, 2011 docket entry showing vacation of trial setting). It is apparent that the State Court can try this matter in a timely fashion, and almost certainly more timely than can the Bankruptcy Court.[11]

14. Whether there is prejudice to parties not removed:

---

[11] In the Reconsideration Motion, Defendants have supplemented their argument, contained in their Sur-Reply (doc 21) at 3, that relatively little happened in the State Court such that little progress had been made and so little would be lost by this Court taking over the adjudication of the controversy. Id. at 9-10. Supplementing an argument already made is not the function of a Rule 9023 motion.
> Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Cf. Fed.R.App.P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Servants of the Paraclete v. Does, 204 F.3d at 1012. In consequence the Court declines to change its initial analysis on this aspect of the decision. But even taking into consideration Defendants' proffered additional argument or facts, the Court still finds that the State Court Judge's actions of considering a motion for summary judgment (albeit denying it) and having set this matter for trial at one point in the course of the case, are strong indicators that the State Court Judge can address the merits more quickly than can this Court. And the Court comes to this conclusion even with discovery remaining to be done.

There are likely no other parties to this litigation. On November 29, 2010, Baker Mo executed a "<u>Partial</u> [sic] Release of Lien and Claim of Lien by Baker/Mo Services, Inc." which Defendants' counsel appears to have filed in the State Court Action. Doc 15-1 at 21-24. Xeric Oil and Gas filed a bankruptcy petition and has not participated in the State Court Action or in this bankruptcy case, although as noted, the remand of this case restores the status quo that existed prior to the removal.

15. Whether the remand lessens the possibilities of inconsistent results:

This proceeding is essentially a collection action with potential counterclaims. It has little to do with the remainder of the proceedings either in the chapter 11 case or with the remanded state court action against IBEX now pending before the Honorable Jane Shuler-Gray in Lea County.

16. Whether the court where the action originated has greater expertise.

Much of the oil and gas litigation in the State of New Mexico is and historically has been brought in the "oil patch" of southeastern New Mexico, and specifically in the Fifth Judicial District Court consisting of Chaves, Lea and Eddy Counties. The Fifth Judicial District Court judges routinely handle oil and gas cases; the judges of the Bankruptcy Court do not.

**<u>Conclusion</u>**

Reviewing the foregoing sixteen factors, factors 1, 2, 6, 7, 9, 11, 13, and 16 favor abstention and remand, factors 2, 7, 9, 13 and 16 strongly so. Factors 3, 4, 5, 8, 12, 14 and 15 favor this Court retaining the adversary proceeding, none of them strongly. Factor 10 is neutral. On balance, the factors incline decisively toward abstention and remand. Thus, it is clear that this Court, while not required to do so pursuant to 28 U.S.C. §1334(c)(2), should abstain, pursuant to 28 U.S.C. §1334(c)(1), from adjudicating this State Court Action. In consequence, the State Court Action must be remanded to the State Court for further proceedings.[12] An order will enter.

*[signature]*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 3, 2012

Copies to:

Louis Puccini, Jr
Puccini Law, P.A.
PO Box 50700
Albuquerque, NM 87181-0700

Robert R Feuille
PO Box 99123
El Paso, TX 79999-9123

Casey S Stevenson
Scotthulse, PC
201 E. Main Drive
El Paso, TX 79901

---

[12] Given the foregoing analysis, the Court need not address the parties' arguments in connection with Stern v. Marshall, since the Bankruptcy Court will not be adjudicating the matter.