In re:

PHOENIX ENVIRONMENTAL, LLC,

    Debtor.                                                          No. 11-11-15031 SA

PHOENIX ENVIRONMENTAL, LLC,

    Plaintiff,

v.                                                            Adv. No. 12-1007 S

XERIC OIL AND GAS, INC.,
BAKER MO SERVICES, INC.,
and DAN JOHNSON and COLLEEN JOHNSON,
dba DC Energy,

    Defendants.

**MEMORANDUM OPINION IN SUPPORT OF ORDER
GRANTING [SECOND] MOTION FOR RECONSIDERATION
AND/OR CLARIFICATION OF ORDER
ABSTAINING FROM HEARING ADVERSARY PROCEEDING
AND REMANDING ADVERSARY PROCEEDING TO STATE COURT**

        Dan and Colleen Johnson and DC Energy, LLC ("Defendants") have asked this Court to amend or clarify its Order Abstaining from Hearing Adversary Proceeding and Remanding Adversary Proceeding to State Court (doc 41) ("Abstention Order") to state whether in abstaining from adjudicating, and remanding, the State Court Action, the Court intended by the same token to modify the automatic stay to permit the State Court Action to go forward. The Court grants the motion to clarify that it did not so intend.

**Background**

        Debtor in possession Phoenix Environmental, LLC ("Plaintiff/Debtor") moved this Court to abstain from

adjudicating this adversary proceeding ("Abstention Motion"). Doc 13. After two false starts (docs 29 and 34), the Court issued its "Abstention Order" and its Replacement Memorandum in Support of Order Abstaining from Hearing Adversary Proceeding and Remanding Adversary Proceeding to State Court (doc 40). The Abstention Order was issued following the well taken Defendants Dan and Collen [sic] Johnson d/b/a DC Energy's [sic] Motion for Reconsideration of Order Abstaining from Hearing Adversary Proceeding and Remanding Adversary Proceeding to State Court (doc 33) ("[First] Reconsideration Motion"), citing Rule 9023 F.R.B.P (incorporating Rule 59 F.R.Civ.P.). As the Replacement Memorandum stated, the Court had improperly analyzed for its first two orders the citizenship of DC Energy, LLC, a New Mexico limited liability company, and based on that incorrect analysis, had ordered mandatory abstention as provided by 28 U.S.C. §1334(c)(2). The (final) Abstention Order (doc 41) granted the [First] Reconsideration Motion (in the sense that the Court reviewed the first two abstention orders, docs 29 and 34) but still ordered abstention, albeit this time on the grounds of discretionary abstention pursuant to 28 U.S.C. §1334(c)(1). Defendants have now filed Dan and Colleen Johnson's Motion for Reconsideration and/or Clarification of Order Abstaining from Hearing Adversary Proceeding And Remanding Adversary Proceeding to State Court (doc 42) ("Second Reconsideration Motion"), to

which Plaintiff/Debtor Phoenix Environmental, LLC has responded in opposition (doc 43). For the reasons set out below, the Court grants the Second Reconsideration Motion by "clarifying" that its Abstention Order (doc 41) was not intended to address any issue of the automatic stay.[1]

**Analysis**

F.R.Bank.P. 9023[2] incorporates F.R.Civ.P. 59[3] which provides the basis for Defendants' Second Reconsideration Motion.

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[2] That rule provides as follows:
New Trials; Amendment of Judgments
Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

[3] That rule provides in relevant part as follows:
New Trial; Altering or Amending a Judgment
(a) In General.
(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
...
(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Page 3 of 8

Case 12-01007-j    Doc 44    Filed 10/26/12    Entered 10/26/12 15:43:14 Page 3 of 8

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. See <u>Brumark Corp. v. Samson Resources Corp.</u>, 57 F.3d 941, 948 (10th Cir. 1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Cf. Fed.R.App.P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. See <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991).

<u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Second Reconsideration Motion asks for reconsideration and/or clarification of whether, in remanding the removed action back to the State District Court as part of the process of abstaining, the Court did or did not intend to modify the stay so that the action could resume in the State District Court. Defendants are correct that the Court did not address this issue, but that was because it was not raised by Defendants (or Plaintiff/Debtor for that matter).

Nothing in this adversary proceeding, including any of the papers addressed to the abstention issue, sought a ruling one way or the other concerning the automatic stay. Perhaps that is not too surprising, since ordinarily a motion for stay relief would be filed in the underlying chapter 11 case. However, no such motion was filed there either. No request having been directed to the Court seeking a ruling on the automatic stay, the Court

Page 4 of 8

Case 12-01007-j   Doc 44   Filed 10/26/12   Entered 10/26/12 15:43:14 Page 4 of 8

has made no such ruling, including in the Abstention Order (doc 41). And since this was not an issue raised by either party prior to the ruling, there is no occasion to "revisit" the issue pursuant to Rule 9023 or Rule 59. <u>Servants of the Paraclete v. Does</u>, <u>supra</u>.

Nevertheless, Defendants appear to argue or at least suggest that implicit (or, more accurately, explicit) in the process of ruling to abstain, the Court should also have issued a ruling or statement about the status of the automatic stay in the action remanded to the State District Court. However, as Plaintiff/Debtor correctly argues, whether the action at issue stays in the Bankruptcy Court or returns to the State Court does not as such require a ruling on whether the action, remanded or not, should go forward. The language of §1334(d) makes that clear, in that it provides in part that "[s]ubsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy."

> While the operation of the automatic stay affects the power of entities other than the court presiding over the bankruptcy to resolve claims involving the debtor or the estate, the abstention provided for in § 1334(c) deals with the exercise of jurisdiction by the court presiding over the bankruptcy itself. Thus, a decision to abstain affects the power of the court presiding over the bankruptcy only, and does not give any other entity the power to resolve claims involving the debtor or the estate. Even where the court has abstained

pursuant to § 1334(c), the stay granted under § 362 must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy.

Pursifull v. Eakin, 814 F.2d 1501, 1504-5 (10th Cir. 1987) (footnote omitted); see Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.), 96 F.3d 346 (9th Cir. 1996):

> [I]f Congress had intended pending state actions that are determined to be non-core proceedings to be exempt from the automatic stay, it would have explicitly so provided.
> As pointed out previously, § 362(b) provides explicit exceptions to § 362(a)'s automatic stay. Pending state actions that are determined to be non-core proceedings are not listed among the explicit exemptions. Therefore, it is clear that Congress did not intend to provide an exception to the automatic stay for non-core pending state actions which are subject to mandatory abstention. In fact, Congress has made it clear that it intended just the opposite by providing that a decision to abstain under § 1334(c)(2) "shall not be construed to limit the applicability of the stay provided for by [§ 362]...." 28 U.S.C. § 1334(c)(2) (1986).

Id. at 353.

It is true that in the underlying chapter 11 case this Court entered an order modifying the automatic stay to permit the primary dispute that led to the filing of this chapter 11 petition to go forward in the state district court where that dispute originated, after having determined that that removed action should be remanded to the state district court.[4] In the order modifying the automatic stay – Order Granting IBEX Energy

---

[4] See Phoenix Energy Services, LLC v. Phoenix Environmental, LLC et al., Adv. Pro. 11-1199.

Page 6 of 8

Case 12-01007-j    Doc 44    Filed 10/26/12    Entered 10/26/12 15:43:14 Page 6 of 8

Services, LLC's (f/k/a Phoenix Energy Services, LLC) Amended Motion for Relief from Stay to Permit State Court to Proceed with Remanded Case (Main Case doc 154), the Court stated that it had intended that the state court action continue to judgment once it had been remanded.[5] Id. at 1-2. That was because the heart of the chapter 11 case would be determined by that litigation. More to the point, however, the order modifying the stay was entered as a result of a motion to modify the stay: IBEX Energy Services, LLC's Amended Motion for Relief from Stay to Permit Remanded State Court Action to Proceed And for Award of Attorney Fees (Main Case doc 141) (and a response thereto – Main Case doc 144).

**Conclusion**

Defendants have sought a "clarification" of the Court's Abstention Order. The Court grants Defendants' motion for a clarification and holds that the Abstention Order by itself did not serve, nor was it intended to serve, as a ruling on whether the automatic stay was or should be modified to permit the State Court Action to proceed. In so ruling, the Court makes no statement whether, if Defendants wish to proceed in the State Court, they will need to obtain stay relief. See TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011). An order will enter.

---

[5] To the extent it is relevant, it appears that this State Court Action is much less central to the resolution of the chapter 11 case than was the dispute with IBEX Energy.



```
                        Honorable James S. Starzynski
                        United States Bankruptcy Judge
```

Date Entered on Docket:  October 26, 2012

Copies to:

Louis Puccini, Jr
Puccini Law, P.A.
PO Box 50700
Albuquerque, NM 87181-0700

Casey S Stevenson
Scotthulse, PC
201 E. Main Drive
El Paso, TX 79901

Robert R Feuille
PO Box 99123
El Paso, TX 79999-9123

Page 8 of  8

Case 12-01007-j    Doc 44    Filed 10/26/12    Entered 10/26/12 15:43:14 Page 8 of 8